Ana Valdés Monagas, Plaintiff and Appellee, *v.* F. A. C. Hastrup, Defendant and Appellant.

No. 9468. Argued February 13, 1947.—Decided February 24, 1947.

*Edgar S. Belaval* for appellant. *L. Fernández Méndez* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

Appellee seeks the dismissal of this appeal on the ground that the order appealed from was rendered on September 4, 1945, and the notice of appeal was filed on September 14, 1945, and that notwithstanding the time that has elapsed, appellant has not yet perfected his appeal. She attached to this motion a certificate issued by the Clerk of the District Court of San Juan wherein the aforesaid facts are established and it is further stated that "from the original record . . . under my charge . . . it does not appear that the defendant-appellant has sought any extension whatsoever to perfect his appeal."

After appellant was notified of this motion, he filed an opposition, in which, although admitting the facts stated by the appellee, he alleges, on the contrary, that there have been justifiable reasons for his delay in perfecting the appeal, which reasons he set forth.

In order to better dispose of appellee's motion, we granted appellant a term within which to file a certificate from the clerk of the lower court in connection with the facts recited in his written opposition. This certificate reads as follows:

"That from the original record of the civil action entitled and numbered as above, which is filed in my office, and from the registry and record books of the court there appears the following:

"1. That on September 24, 1945, the defendant filed in this office a motion praying the court to order the preparation of the transcript of the evidence and *that there is no showing that it was disposed of in any manner by the judge called upon to do so.*

"2. That on May 9, 1946, defendant filed a motion dated May 30. 1946, for the reconstruction of the record, accompanied by a copy of the motion seeking the preparation of the transcript of the evidence and praying that this latter motion be made part of the record in lieu of the original motion filed, *which did not appear in the record.*

"3. That on May 14, 1946, Hon. Judge Borinquen Marrero granted the motion seeking the reconstruction of the record and entered an order directing Mr. Oscar Gandía, the stenographer, to prepare the transcript of the evidence.

"4. *That there is no showing that either of these decisions of May 14, 1946, was notified to the defendant, or his attorney or to the stenographer.*

"That the undersigned, in her official capacity, has personal knowledge of the following facts:

"1. *That the judgment roll of this case was misplaced for three or four months,* and although the undersigned can not exactly state the dates, the best she can remember is that it happened towards the end of 1945.

"2. *That the judgment roll in the case finally appeared but that several papers were missing which had been filed while the record was lost, that is: notice of the judgment, notice of appeal, and the motion seeking the preparation of the transcription of the evidence* and that, although the undersigned can not state the exact dates, to her best memory, *it took about two months before the first two documents were found, it being impossible to find the third.*

"3. That the undersigned is not able to say exactly the number of times or the dates, but that she is certain that during that time, Edgar S. Belaval, defendant's attorney, came several times to her office, and to the files of the court, trying to find the judgment roll first, and later the documents that were missing.

"4. That the undersigned states, in her official capacity, that Oscar Gandía, the stenographer, was ill and absent from his work during the last months of 1945." (Italics ours.)

A mere reading of this second certificate, and especially the phrases which we have italicized, leads us to the conclusion that appellant has not been negligent in the prosecution of his appeal and therefore its dismissal does not lie.

The facts recited in the above certificate show, 1st, that appellant timely moved for the preparation of the transcript of the evidence and that there is no showing in the records that the motion was in any way disposed of by the judge called upon to do so; 2d, that the judgment roll was lost for several months and when finally found, a number of documents previously filed were missing, some of which were

found two months later; 3d, that appellant first tried to find the record and later procured its reconstruction and that the stenographer be again ordered to prepare the transcript of the evidence; and 4th, that although on May 14, 1946, two orders had been entered to that effect, still on February 19, 1947, when the clerk issued her last certificate, there was no showing in the records that either of the decisions had been notified to the defendant, his attorney, or even to the stenographer.

It is really inexplicable that a thing like that should happen in a court of record such as the District Court of San Juan. There may be an excuse, on reasonable grounds, for the loss of a record or of some isolated document in a large file such as the one kept in the district court; but after finding the record and reconstructing it as to the missing documents, what lawful reason can there be for failing to notify the orders of May 14, 1946, to appellant or the stenographer?

Appellant's attorney has done everything within his power to perfect the appeal, and he can not be prejudiced by the negligence of the officer or of the employee responsible for the acts above set forth.

The dismissal sought is hereby denied.